IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GUY E. SPARKMAN | § | |
| | | |
| VS. | § | CIVIL ACTION NO. 6:06cv23 |
| | | CRIMINAL ACTION NO. 6:03cr21 |
| | | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On January 19, 2006, Petitioner submitted this 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The motion was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**Procedural Background**

On March 4, 2003, a federal grand jury for the Eastern District of Texas, Tyler Division, returned against Petitioner an indictment alleging eighteen counts of theft of government funds in violation of 18 U.S.C. § 641(a). On September 23, 2003, Petitioner was convicted on all counts. Petitioner's conviction was affirmed on appeal. *United States v. Sparkman*, 112 Fed. Appx. 358 (5th Cir. 2004).

**Standards and Discussion**

The first paragraph of 28 U.S.C. § 2255 sets out the claims cognizable under the statute. These are (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the

maximum allowed by law, or (4) the sentence is otherwise subject to collateral attack. Section 2255 provides recourse only for transgressions of constitutional rights and for that narrow range of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Gobert*, 139 F.3d 436, 439, n. 18 (5th Cir. 1998).

When a federal prisoner raised a claim that has been decided on direct review, he generally cannot attempt later to relitigate that claim in a Section 2255 proceeding. *Kastenbaum v. United States*, 588 F.2d 138, 139 (5th Cir. 1979). Relitigation is justified when there has been an intervening change in the law. *Davis v. United States*, 417 U.S. 333 (1974).

### Claims Decided on Direct Review

The following claims raised by Petitioner were decided on direct review:

1. the indictment was constitutionally and legally insufficient because it was unconstitutionally vague in failing to specify whether he embezzled, stole, or converted, and was multifarious and deceptive;

2. his prosecution was unauthorized because his conduct was not a crime under 18 U.S.C. § 641;

3. the trial court was biased;

4. his due process rights were violated because Mr. Peter Moore and Terry Lindsey gave materially false and fabricated testimony;

5. the court refused to charge the jury on the controlling law regarding debts;

6. the jury charge was unconstitutionally vague and multifarious and included conversion, which was not in the indictment, and unconstitutionally amended the indictment because it stated "steal or convert to his own use"; and

7. the jury charge failed to require proof beyond a reasonable doubt on every essential element of the offense.

*See United States v. Sparkman*, 112 Fed. Appx. 358 (5th Cir. 2004). Petitioner has not shown cause or prejudice necessitating the relitigation of any of these claims.

**Claims Not Decided on Direct Review**

Errors Related to Direct Appeal

Petitioner also contends that he was denied effective or meaningful appeal because the appellate court erroneously concluded that Petitioner did not renew his motion at the close of all the evidence and because the appellate court relied on *Schad v. Arizona*, 501 U.S. 624, 631 (1990) in rejecting Petitioner's challenge of the indictment's conjunctive charging language, even though *Schad* supports Petitioner's position. Section 2255 provides relief when a sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose the sentence, the sentence was in excess of the maximum allowed by law, or the sentence is otherwise subject to collateral attack. Section 2255 neither provides relief for alleged errors on direct appeal nor grants this Court the authority to review the Fifth Circuit Court of Appeals' decision.

Errors Related to the Underlying Conviction

Petitioner's remaining claims are that the indictment was constitutionally and legally insufficient because it failed to allege the elements of a crime under 18 U.S.C. § 641; that Melinda Townsend, testifying for the government, gave materially false and fabricated testimony; and that the jury charge did not charge the essential elements of theft and failed to include felonious intent as a question of fact for the jury. The Fifth Circuit Court of Appeals concluded that because he did not specify which essential elements of the charge were omitted from the jury charge, he abandoned

3

that claim. *United States v. Sparkman*, 112 Fed. Appx. 358 (5th Cir. 2004).

Issues that could have been raised on direct appeal, but were not, are not cognizable on collateral review unless the movant shows cause and prejudice for his procedural default. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Petitioner could have raised all the remaining claims related to the underlying conviction on direct appeal, but did not, except for the claim he abandoned.

## Conclusion

Petitioner has failed to show that his sentence was imposed in violation of the Constitution or laws of the United States, that his sentence was in excess of the maximum authorized by law, or that his sentence is otherwise subject to collateral attack; consequently, Petitioner's § 2255 motion should be denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, this Court may *sua sponte* rule on a certificate of appealability because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court, and further briefing and argument on the very issues the court has just ruled on would be repetitious. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004); 28

U.S.C. § 2253(c)(2). The petitioner must demonstrate that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *United States v. Webster*, 392 F.3d at 791; 28 U.S.C. § 2253(c)(2). In determining whether to grant a certificate of appealability, a court is limited to a threshold inquiry into the underlying merit of the petitioner's claims; this threshold inquiry does not require full consideration of the factual and legal bases adduced in support of the claims, but instead is based on an overview of the claims in the habeas petition and a general assessment of their merits. *Id*.

In cases where a district court rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Supreme Court has held that a certificate of appealability is a "jurisdictional prerequisite" and a court of appeals lacks jurisdiction to rule on the merits until a certificate of appealability has been issued. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). In this case, reasonable jurists would not find that the district court's assessment of the constitutional claims is debatable or wrong or that the district court was incorrect in its procedural ruling.

**Recommendation**

It is accordingly recommended that the 28 U.S.C. § 2255 motion be dismissed with prejudice and that Petitioner be denied a certificate of appealability.

**Objections**

Within ten days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So **ORDERED** and **SIGNED** this **2** day of **May, 2006.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE